UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CIVIL NO. 2:13-CV-182 |
| | § | |
| MARY DHEMING | § | |

## OPINION AND ORDER GRANTING MOTION FOR SUBSTITUTED SERVICE

Plaintiff United States of America seeks recovery from defendant for defaulting on a student loan guaranteed by the Department of Education (D.E. 1).  Pending is the United States' motion for substituted service (D.E. 3).  The United States has shown it is entitled to substituted service, and the motion (D.E. 3) is granted.

## Applicable Law

The Federal Rules of Civil Procedure provide for service upon individuals within the judicial district by:

> (2)(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with copies thereof at the individual's dwelling house or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

**FED. R. CIV. P.** 4(e)(2).  According to the affidavit provided by the process server in this case, personal service at 3007 Houston Street in Corpus Christi, Texas 78515, was attempted but not successful on July 11, 13, 16, 19, and 27th, 2013, at various times during the day ranging from 2:25 p.m. to 7:19 p.m. (D.E. 3, Exh 1).  The gate was locked and a delivery notice was left on July 11, 13, 16, and 27th, 2013 (*Id.*).  The process server

also tried honking her horn (*Id.*).  She did speak with an occupant of the home on July 19th who stated that the defendant did not live there but she knew her (*Id.*). A short time later the Defendant called the process server from a blocked phone (*Id.*), and promised to meet the process server the following week, but never called.  A male neighbor did not know the occupants of the home (*Id.*).

The process server claims that, pursuant to Nueces County Appraisal District records, the Defendant is the record owner of the property claiming a homestead exemption (*Id.*), which implies that the Defendant lives at the residence.[1]  That the Defendant lives at the residence or is in close touch with the occupants of the residence is confirmed by the immediate call back that the process server received after speaking to one of the occupants of the home.

The Federal Rules of Civil Procedure permit service of process within the Southern District of Texas in any manner allowed by Texas law.  FED. R. CIV. P. 4(e)(1).  The Texas rule directs service upon individuals as follows:

(a) Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by

(1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or

(2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.

---

[1] In order to be entitled to the homestead exemption, one must use and occupy the home or make overts acts of preparation to occupy the home.  TEX. CONST. Art. 15, § 51; *Cheswick v. Freeman*, 155 Tex. 372 (1956).  *See also In re Norris*, 421 B.R. 782, 790 (S.D.Tex. 2009) (to claim the protection of the homestead exemption, claimant must provide evidence of homestead usage and intent to claim the land as a homestead) (citations omitted).

TEX. R. CIV. P. 106(a).  Substituted service is allowed only by court order after unsuccessful attempts at service pursuant to the rule:

> (b) Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service

> (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or

> (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106(b)(1).  In this case, the process server stated in her affidavit that she had attempted, but was not successful, in personal service of the summons and complaint on the Defendant.  The court concludes that service pursuant to TEX. R. CIV. P. 106(a)(1) was attempted at the address in the affidavit and on the summons, but was not successful.

The United States is requesting that it be allowed, pursuant to TEX. R. CIV. P. 106(b)(2) to mail the summons and complaint via first class mail or to attach a copy of the summons and complaint securely to the front door of the 3007 Houston Street home, by leaving it with someone 21 years of age or older, and by mailing it to the debtor, or in any other manner reasonably effective to give the Defendant notice of the suit.

The United States has met its burden of demonstrating that personal service was attempted but failed, and that reasonably effective notice of this suit can be given via substituted service.  Accordingly, the motion for substituted service (D.E. 3) is

GRANTED.  The United States is granted permission to serve the summons and complaint by (1) mailing a copy of the summons and complaint to the address in the affidavit via first class mail, postage prepaid; *and* (2) either (a) securely posting the summons and complaint to the front door or entrance /gate of the home located at 3007 Houston Street, Corpus Christi, Texas 78415, or (b) by leaving it with someone 21 years of age or older at the residence.

ORDERED this 14th day of August, 2013.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE